**Presly VAL, Petitioner,**

v.

**Eric H. HOLDER, Jr.,[1] United States Attorney General, Respondent.**

**No. 08–5432–ag.**

United States Court of Appeals, Second Circuit.

Nov. 12, 2009.

Justin Conlon, North Haven, Connecticut, for petitioner.

Tony West, Assistant Attorney General; John C. Cunningham, Senior Litigation Counsel; Claire L. Workman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for respondent.

PRESENT: JOSEPH M. McLAUGHLIN, ROBERT D. SACK, ROBERT A. KATZMANN, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Presly Val, a native and citizen of Haiti, seeks review of the October 9,

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

2008 order of the BIA denying his motion to reopen. *In re Presly Val*, No. A 098 398 961 (B.I.A. Oct. 9, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty*, 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). We find that the BIA did not abuse its discretion in denying Val's motion to reopen as untimely. As the BIA noted, its prior decision was issued in February 2007, but Val did not file his motion until May 2008, well beyond the 90–day deadline. *See* 8 C.F.R. § 1003.2(c)(2). There is no time limit for filing a motion to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Here, however, the BIA properly found that Val's motion did not qualify for such an exception, and that he did not otherwise demonstrate his prima facie eligibility for relief. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

In his motion, Val argued that country conditions in Haiti had changed for the worse for those opposed to the Lavalas party. He further contended that, as a member of the particular social group of deportees, he would be targeted for persecution as an "Americanized" Haitian. The BIA rejected both claims. First, the BIA explicitly considered the 2007 U.S. Department of State Country Report on Human

Rights Practices Val submitted in support of his motion to reopen, noting that although the report indicated that "violence has remained a problem in Haiti" and that "current conditions in Haiti are turbulent," Val failed to demonstrate that his situation was appreciably different from the dangers faced by all Haitians. The BIA also considered a report from the U.S. Department of State, Overseas Security Advisory Council, which noted that the number of Aristide supporters in Haiti has dwindled in recent years. This Court has held that "[g]eneral violence" and civil strife do not "form a basis for petitioner's well-founded fear of persecution." *Melgar de Torres v. Reno*, 191 F.3d 307, 314 n. 3 (2d Cir.1999). Thus, the BIA did not abuse its discretion in rejecting Val's claim that he was prima facie eligible for relief on account of his political opinion.

With respect to his social group claim, the BIA discussed an article Val submitted, indicating that the average deportee left Haiti before age 8 and was returned at least 20 years later, whereas Val was already 22 when he left the country and had only been in the United States for 4 years.[2]

Although Val argues that the BIA failed to consider additional relevant documentary evidence, the BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" as long as it "has given reasoned consideration to the petition, and made adequate findings." *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006). Because we cannot find that the BIA's decision "provide[d] no rational explanation, inexplicably depart[ed] from established policies, is devoid of any reasoning, or contains only summary or conclusory statements," the BIA did not

**2.** The clear implication is that Val was not "Americanized" in the same way as the deportees the article described who "speak little Haitian Creole and have minimal familial, cultural, or emotional connection to the country."

abuse its discretion in denying Val's motion to reopen. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).